# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Mattie Belle Hunt-Windsor, ) <br> ) <br>              Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Fidelity Investment HP-CAPP; Ken Olsen's ) <br> Estate; Mohamed Al-Fayed; Reynold ) <br> Stoddard; Elizabeth Stoddard; Harry ) <br> Stoddard; Gladys Henderson; Ernest D. ) <br> Henry Hellams, Sr.; Betty Louise Hellams; ) <br> Alonzo Stoddard; Mattie Jean W. Stoddard; ) <br> Lenard Stoddard; Gladys Loretta Moore; ) <br> Valerie Novell Golden Houston; Charles ) <br> Johnson; Mary Alice Johnson; Mary Allen ) <br> Stoddard Stoddard; James Thomas Floyd, ) <br> Sr.; James Dill; and Thomas Lee Brown, ) <br> ) <br>              Defendants. ) <br> _____) | Civil Action No.: 6:16-cv-00848-JMC <br><br> **ORDER** |

Plaintiff Mattie Belle Hunt-Windsor ("Plaintiff"), proceeding *in forma pauperis* under 28 U.S.C. § 1915, filed a *pro se* complaint against the above-named Defendants. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(A) and Local Rule 73.02(B)(2)(e) (D.S.C.), the matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial handling. On May 12, 2016, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the action be dismissed without prejudice. (ECF No. 20.) Plaintiff timely filed objections to the Report (ECF No. 23), which the court now considers.[1]

---

[1] Plaintiff, in her objections, asserts that the undersigned should recuse herself from this matter because of the undersigned's surname. (*See* ECF No. 23 at 13). No further explanation is given. The undersigned's impartiality cannot reasonably be questioned simply because her surname is what it is, and no other reason for disqualification is apparent. *See* 28 U.S.C. § 455. Thus, the undersigned rejects Plaintiff's request to recuse herself from this matter.

The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual synopsis is accurate and incorporates it herein by reference. This court will thus focus on the facts pertinent to the analysis of Plaintiff's objections.

In her complaint, Plaintiff alleges that she was employed by the Hewlett-Packard Company ("HP") from 1983 to 1996 and that, having paid into HP's pension plan for twelve years, she was erroneously informed by HP that she had paid into the plan for four years less than she in fact had. (ECF No. 1 at 4.) She alleges that two laptops containing information regarding her pension plan were stolen and that one of the Defendants conspired with others to sell four years of employment service back to HP for monetary gain. (*Id.*) Plaintiff also alleges that the theft of one of the laptops might be related to the disappearances of several individuals. (*Id.* at 4-5.) She further alleges that, through a work-related background check, she was informed that she might be an illegitimate daughter of King Edward III of England[2] who owned a mansion in Paris that is now owned by one of the Defendants. (*Id.* at 4.) For relief, Plaintiff asks the court to order HP's pension plan administrator to "correct [her] years of service" and "replace the missing money"; to hold the pension plan and another Defendant liable and award her "1 centillion [d]ollars . . . for . . . pain and suffering"; "to prosecute all of the people involved in the execution of this crime"; and to order the Defendant owning the Paris mansion to sign-over to her the mansion and all other valuables once belonging to King Edward VIII of England. (*Id.* at 8.)

In his Report, the Magistrate Judge noted that, for a complaint brought pursuant to § 1915, the court may dismiss the action at any time if it determines that the complaint is frivolous or

---

[2] In later filings, Plaintiff refers to King Edward VIII of England and his brother, King George VI of England, who are separated by more than half a millennium from Edward III. It appears that Plaintiff's single reference to Edward III is a typographical error and that she probably intended to refer to Edward VIII.

2

malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief against a defendant immune from such relief. (ECF No. 20 at 2 (citing 28 U.S.C. § 1915(e)(2)(B)).) Construing Plaintiff's claims regarding her pension plan as claims brought under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1461, the Magistrate Judge determined that the claims were subject to summary dismissal because Plaintiff, in her answers to the court's special interrogatories, admitted that she had failed to exhaust available administrative remedies with the plan's administrator. (*See id.* at 2-3 (citing *Gayle v. United Parcel Serv., Inc.*, 401 F.3d 222, 226 (4th Cir. 2005); *Coyne & Delany Co. v. Blue Cross & Blue Shield of Va., Inc.*, 102 F.3d 712, 716 (4th Cir. 1996); *Makar v. Health Care Corp.*, 872 F.2d 80, 82 (4th Cir. 1989); *Clark v. BASF Corp.*, 229 F. Supp. 2d 480, 483, 487 (W.D.N.C. 2002)); *see also* ECF No. 13.) The Magistrate Judge next determined that Plaintiff's claim seeking prosecution of a number of individuals was subject to summary dismissal because no citizen has a right to institute criminal prosecution and because the decision to prosecute generally does not rest with the judicial branch. (*See* ECF No. 20 at 3-4 (citing *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *United States v. Giannattasio*, 979 F.2d 98, 100 (7th Cir. 1992); *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990)).) The Magistrate Judge lastly determined that Plaintiff's claims that she is the heir of an English king with rights to his former property in Paris and that certain Defendants are involved in a series of disappearances are frivolous and thus subject to summary dismissal. (*See id.* at 4 (citing *Feurtado v. McNair*, No. 3:05-1933-SB, 2006 WL 1663792 (D.S.C. June 15, 2006)).) Accordingly, the Magistrate Judge recommended that the action be dismissed without prejudice. (*See id.*)

In her objections to the Report, Plaintiff asserts that she worked not for HP, but for Digital Equipment Corporation, but nevertheless maintains that HP erroneously informed her that she paid

into the company's pension plan four years fewer than she in fact paid into it. (*See* ECF No. 23 at 2-3.) Plaintiff re-asserts allegations regarding the theft of the two laptops and other criminal wrongdoings by her former co-workers, Defendants, and others, including lone-sharking, slave-trading, identity theft, stealing someone else's land, stealing her money, and placing a contract for murder on her. (*See id.* at 3-8.) Plaintiff appears again to admit that she has not pursued administrative remedies with the pension plan administrator but excuses her failure to do so on the ground that "to have done so would have concealed the missing years." (*Id.* at 6.) Plaintiff alleges that she has information supporting rumors that she is the illegitimate daughter of a monarch, this time King George VI of England. (*See id.* at 4.) Lastly, in her objections, Plaintiff asserts that the Magistrate Judge should have recused himself because his surname "is connected to" a person who is related to a former girlfriend of someone who shares a surname with several Defendants. (*See id.* at 7.)

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court reviews *de novo* only those portions of a magistrate judge's report to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

*Pro se* filings, such as those submitted by Plaintiff, are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*,

551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, a *pro se* complaint remains subject to summary dismissal, and district courts are not required to rewrite a plaintiff's complaint to include claims that have not been presented or to construct a plaintiff's legal arguments on his behalf. *See generally Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993).

With one exception, none of the arguments Plaintiff raises, even liberally construed, challenge the Magistrate Judge's reasoning. More specifically, Plaintiff's argument that the Magistrate Judge misidentified the company for which she worked and her assertion that the litany of wrongdoings in her complaint (as well as other wrongdoings) actually occurred have no bearing on the Magistrate Judge's recommendation that Plaintiff's claim seeking relief under the pension plan and her claim seeking prosecution of the alleged wrongdoers be dismissed, as the arguments simply do not address the deficiencies that the Magistrate Judge identified in Plaintiff's pleadings. *See Leaphart v. Eagleton*, No. 2:15-cv-04910-JMC, 2017 WL 1160418, at *11 (D.S.C. March 29, 2017); *McEachern v. Gray*, No. 4:14-cv-1234-BHH, 2015 WL 5089613, at *2 (D.S.C. Aug. 27, 2015). Because Plaintiff failed to object to the Magistrate Judge's reasoning in this regard, the court reviews the reasoning for clear error, and, perceiving none, the court accepts the reasoning and the resulting recommendation.

In only one instance might Plaintiff's objection be understood to challenge the Magistrate Judge's grounds for recommending dismissal. In her objection, Plaintiff asserts that she "found information to support the rumors of her kinship" to an English king. (ECF No. 23 at 4.) Construed liberally, this assertion might be a challenge to the Magistrate Judge's determination that Plaintiff's claim seeking the award of a Parisian mansion and other valuables once owned by Edward VIII based on her assertion that she was his or his brother's illegitimate daughter should be dismissed

because they were frivolous. Reviewing the claim *de novo*, however, the court determines that it is subject to summary dismissal both because the factual allegations are fanciful and fantastic (not to mention contradictory) and because there is no discernible legal theory underlying the claim. *See Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951, 953-55 (4th Cir. 1995) (en banc). To the extent Plaintiff raises this objection, it is overruled.

Plaintiff's final objection to the Report is that the Magistrate Judge should not have issued it, as he should have recused himself because his surname is connected to individuals who are related to a person who shares a surname with one of the Defendants. Generally, the court follows the sound policy that a judge or magistrate judge accused of bias or the appearance of impartiality should himself make the disqualification determination in the first instance. *See In re Kensington Int'l, Ltd.*, 353 F.3d 211, 224 (3d Cir. 2003); *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988); *United States v. Farkas*, 149 F. Supp. 3d 685, 691-92 (E.D. Va. 2016). However, the court notes that it is not uncommon for a party to call a magistrate judge's impartiality into question for the first time in the party's objection to the magistrate judge's report and that, in such circumstances, the district court will often make the disqualification determination. *See, e.g.*, *Moore v. Google, Inc.*, No. 2:13-3034-RMG, 2014 WL 4955264, at *1-2 (D.S.C. Sept. 30, 2014). At least where, as here, the objecting party's arguments for recusal are meritless and utterly lacking in legal or factual support, the district court will decide the issue rather than unnecessarily expending scarce judicial resources by recommitting the matter to the magistrate judge. Here, Plaintiff's arguments for the Magistrate Judge's disqualification are as facially baseless as her reasons for the undersigned's disqualification; the mere fact that the Magistrate Judge happens to share a surname (and, notably, not an uncommon surname) with someone who might have had some relationship to someone who shares a surname with one of the

Defendants cannot reasonably call into question his impartiality. *See supra*, note 1. Plaintiff's objection is overruled.[3]

In conclusion, the court determines that the objections to the Report that Plaintiff raises should be overruled, and the court perceives no clear error in the portions of the Report to which Plaintiff does not object. Therefore, upon careful consideration of the entire record, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 20), and this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

*J. Michelle Childs*

United States District Court Judge

July 13, 2017
Columbia, South Carolina

---

[3] Even assuming that Plaintiff succeeded in this objection (i.e., assuming that the court recommitted the matter to the Magistrate Judge who then determined that he should recuse himself and that the Report he issued should be vacated), the court nonetheless concludes that its own review of Plaintiff's complaint under § 1915 would reach the same result as that reached by the Magistrate Judge for the same reasons stated in the Report.